IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEREMAINE WRIGHT,  #505781 | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. DKC-12-947 |
| FRANK BISHOP | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

On March 26, 2012, this Court received for filing a Complaint seeking damages and injunctive relief from Jeremaine Wright ("Wright"), a state inmate then confined at the Western Correctional Institution ("WCI").[1] Wright begins his Complaint by alleging that he is in immediate danger from WCI staff because of an unspecified earlier incident occurring at the Maryland Correctional Institution in Hagerstown ("MCIH") and indicates that he received a facial injury from the incident. (ECF No. 1). Wright alleges that while at MCIH he was prescribed, but did not receive, antibiotics. He further claims that he was assigned to the "but[t] naked room," where he was given bagged meals thrown on the floor and no sleepwear. Wright asserts that he needs to be removed from WCI and contends that if I "continue [to be] neglected or assaulted then I want to be compensated for my troubles." (*Id*.). He names the WCI Warden as the sole Defendant and, in addition to the injunctive relief requiring his transfer, seeks $250,000.00 in damages, plus $500.00 for damages to property.[2]

---

[1] Wright is now incarcerated at the Roxbury Correctional Institution.

[2] Wright makes reference to a 13" RCA double cassette player, a 12" fan, a surge protector, a Play Station video game, 3 pairs of jeans, 2 sweat shirts and pants, 8 compact discs, and a pair of eyeglasses. (ECF No. 1).

On August 6, 2012, Defendant filed a Motion to Dismiss or for Summary Judgment which has been treated as a motion for summary judgment. ECF No. 10. The Motion remains unopposed as of the within signature date.[3] The undersigned has examined the record and finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. July, 2011). For reasons to follow, Defendant's motion will be granted.

Federal Rule of Civil Procedure 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The plain language of [the rules] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original). The Court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and

---

[3] On the August 6, 2012 date of Defendant's dispositive filing, the Clerk issued letter notice of the filing to Wright as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). He was informed that: Defendant had filed a dispositive motion; he was entitled to file opposition materials; and his failure to file an opposition or to show a genuine dispute of material fact would result in the dismissal of his case. (ECF No. 11).

defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex*, 477 U.S. at 323-24 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Preliminarily, the Court observes that Wright was transferred out of WCI and has received the injunctive relief he sought. Under 42 U.S.C. § 1983, an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). It is possible for events subsequent to the filing of the complaint to make an injunctive relief request moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). This is so even though such a case presented a justiciable controversy at an earlier point in time and an intervening event rendered the controversy moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990).

The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' "[4] *Spencer v. Kemna*, 523

---

[4] In any event, the Court observes that the Complaint names only WCI Warden Bishop as Defendant. There is no allegation or showing that Bishop was personally involved in Wright's safety or housing status, personal property, or medical care while he was incarcerated and Wright has provided no evidence demonstrating supervisory liability on the part of the Warden. (ECF No. 10 at Ex. 4). *See also*

U.S. 1, 7 (1998); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir. 1994) (quoting *Lewis,* 494 U.S. at 477). Insofar as the Complaint seeks injunctive relief, the claim was rendered moot when Wright was transferred from WCI to the Roxbury Correctional Institution ("RCI"). This aspect of the case shall be dismissed.

Wright's claim for damages fares no better. His records show that he arrived at WCI on February 19, 2012, and was transferred to RCI on May 7, 2012. (ECF No. 10 at Ex. 1). It remains undisputed that while at WCI, Wright filed no administrative remedy procedure ("ARP") requests or letters with WCI administrators or staff alleging threats or injury at the hand of officers at WCI. Further, no letters or ARPs were filed regarding Wright's antibiotic medication or the conditions of his confinement. (*Id.* at Exs. 1 & 3). Indeed, the uncontroverted record shows that the only ARPs filed by Wright at WCI relate to: (1) his inability to pack his personal property when leaving MCIH and his property loss or receipt of broken property; (2) an adjustment received on February 27, 2012; (3) an alleged February 18, 2012 MCIH assault at the hands of an officer resulting in Wright receiving five stitches over his eye. (*Id*. at Ex. 2).

Deliberate indifference in the context of a prisoner failure-to-protect claim requires that a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302-303 (4th Cir. 2004); *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Under Fourth Circuit law, liability under the *Farmer* standard requires two showings. First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers

---

*Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990).

*should have* recognized it; they actually must have perceived the risk. *See Rich v. Bruce,* 129 F.3d 336, 340 n. 2 (4th Cir.1997). Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." *Id*. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized that his actions were insufficient. *See Brown v. Harris,* 240 F.3d 383, 390-91 (4th Cir. 2001). Further, to state a claim for damages, the inmate must show a serious physical injury. *See De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003); *see also Babcock v. White*, 102 F.3d 267, 272-73 (7th Cir. 1996).

Wright has been called upon to rebut Defendant's Declarations and materials with his own verified documents to establish a genuine dispute of material fact. He has failed to so do. Wright has made general, unverified allegations regarding an officer assault at MCIH and claims that he is not safe at WCI. He provides no particulars regarding why he was at risk of harm, how he was injured while confined at WCI, or how Defendant Bishop is liable.

For the aforementioned reasons, Defendant's motion for summary judgment shall be granted. A separate Order follows.

Date:  September 19, 2012                    /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge